IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROGER L. JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 226, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9908000065 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 5, 2019
Decided: July 17, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN,** Justices.

## **ORDER**

Having considered the notice to show cause and the response, it appears to the Court that:

(1)     On May 24, 2019, the appellant, Roger L. Johnson, filed a notice of appeal from a Superior Court order, dated April 5, 2019, denying his motion to recuse the bench.  The Senior Court Clerk issued a notice directing Johnson to show cause why this appeal should not be dismissed for this Court's lack of jurisdiction to consider a criminal interlocutory appeal and for untimeliness.  In his response to the notice to show cause, Johnson argues that the Superior Court order is final.

(2) This Court may only review a final judgment in a criminal case.[1] An order denying a motion for recusal is not a final order.[2] This appeal is also untimely because it was filed more than thirty days after the entry of the order upon the docket.[3] The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b). *See also Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding this Court lacks jurisdiction to review interlocutory orders in criminal cases).

[2] *See, e.g.*, *Shelley v. State*, 2018 WL 6331623, at *1 (Del. Dec. 3, 2018) (dismissing appeal from denial of motion to recuse as interlocutory); *Desmond v. State*, 2010 WL 3673039, at *1 (Del. Sept. 21, 2010) ("The denial of a motion for recusal of a judge is not a final, appealable order.").

[3] Supr. Ct. R. 6 (a)(iv) (providing that appeal of postconviction order must be filed within thirty days of entry of the order upon the docket).